**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-50218
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROMAN DEL ANGEL-POSADAS,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
USDC No. DR-97-CR-227-ALL

December 17, 1998
Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Roman Del Angel-Posadas, a Mexican national who had been deported previously,

pleaded guilty to illegally reentering the United States, in violation of 8 U.S.C. § 1326(a). The

district court sentenced him to a 41-month term of imprisonment, to be followed by a three-year

term of supervised release. On appeal, he argues that the district court's failure to accept his

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty plea, as recommended by a magistrate judge, violated Article III of the Constitution and that the district court lacked jurisdiction to impose his sentence before formally accepting his guilty plea. We affirm.

Because Del Angel-Posadas raises his arguments for the first time on appeal, our review is for plain error.[1] The taking of a guilty plea by a magistrate judge does not offend Article III of the Constitution, as long as the district court retains the power to review the magistrate judge's actions.[2] Here, the district court accepted Del Angel-Posadas's guilty plea to the magistrate judge at the sentencing hearing after sentencing him and in its final judgment stating that Del Angel-Posadas had been adjudged guilty. Because the district court retained final decisionmaking authority over the guilty plea, there was no Article III violation. Moreover, the district court's slight delay between the imposition of its sentence and its formal finding of guilt was, at most, harmless error, and did not violate Del Angel-Posadas's constitutional or statutory rights.[3] The transcript of the sentencing hearing, which includes the district court's questions to Del Angel-Posadas and his counsel and the district court's statement after sentencing that it was accepting the plea agreement, indicates that the parties understood that the district court had accepted the

---

[1] *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1995) (en banc). We may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. *Id.* (citing *United States v. Olano*, 507 U.S. 725, 731-37 (1993)). If these factors are established, the decision to correct the forfeited error is within our discretion, and we will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 735-36.

[2] *See United States v. Dees*, 125 F.3d 261, 268 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 1174 (1998).

[3] *See United States v. Mitchell*, 964 F.2d 454, 462 (5th Cir. 1992).

guilty plea.[4]  Accordingly, Del Angel-Posadas has failed to show that the district court committed plain error.

AFFIRMED.

---

[4]  *See id.* at 462-63.